# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-1727
_____

MARTHA MOON,

    Appellant,

    v.

PHILIP MORRIS USA, INC., a
foreign corporation; and R.J.
REYNOLDS TOBACCO COMPANY, a
foreign corporation,

    Appellees.

_____


On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.


July 23, 2025


PER CURIAM.

In 1963, Martha Moon began smoking cigarettes at age 18. She smoked cigarettes manufactured by Appellees R.J. Reynolds and Philip Morris from the 1970s until the mid-1990s. Then, in 2017, Moon was diagnosed with lung cancer and instituted the underlying action. Moon's original complaint alleged seven causes of action, only three of which are relevant to this appeal: (1) Pre 1969 Negligence & Strict Liability Failure to Warn, (2) Negligence (against the manufacturers), and (3) Strict Liability (against the manufacturers). Soon after filing the complaint, Moon stipulated

to the dismissal of Publix Supermarkets Inc. as a named defendant. The remaining defendants then moved to dismiss the complaint. The trial court dismissed that complaint, but granted Moon leave to amend.

Moon's First Amended Complaint did not amend counts I–III. The remaining defendants moved to dismiss the First Amended Complaint, which was granted, and Moon was again given leave to amend. The Second Amended Complaint, the operative complaint here, followed, and the defendants moved to dismiss that complaint as well. But before the motion was heard, Moon stipulated to the dismissal of Liggett Group LLC, leaving Appellees as the remaining named defendants. The trial court heard argument on Appellees' third motion to dismiss, granted the motion as to counts I–III for failure to state a claim, and dismissed the claims with prejudice. This appeal followed.

Because the record shows Moon had not yet amended counts I–III and that additional facts, which could support her legal theory that Appellees manipulated the nicotine levels of their cigarettes, may have been alleged had she been granted leave to amend, we conclude that the trial court erred by dismissing with prejudice count III. *See* Fla. R. Civ. P. 1.190(a); *Newberry Square Fla. Laundromat, LLC v. Jim's Coin Laundry and Dry Cleaners, Inc.*, 296 So. 3d 584 (Fla. 1st DCA 2020) (reversing when additional facts could have been alleged to support a pleader's legal theory).

Accordingly, we REVERSE the portion of the trial court's order dismissing count III of Moon's Second Amended Complaint with prejudice, and REMAND for further proceedings consistent with this opinion.

ROWE, WINOKUR, and NORDBY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

2

Richard J. Diaz and Carlos R. Salazar of Richard J. Diaz, P.A., Coral Gables; Bard D. Rockenbach and Jeffrey V. Mansell of Burlington & Rockenbach, P.A., West Palm Beach, for Appellant.

David M. Menichetti and Frank Cruz-Alvarez of Arnold & Porter Kaye Scholer, LLP, Washington DC; Kristopher J. Verra and Ashley P. Hayes of Shook, Hardy & Bacon, Tampa, for Appellee Philip Morris USA, Inc.; Jason T. Burnette and Victoria Powell of Jones Day, Atlanta, GA; Troy A. Fuhrman of Hill, Ward, Henderson, Tampa; Charles F. Beall, Jr. and Larry Hill of Moore, Hill & Westmoreland, P.A., Pensacola, for Appellee R.J. Reynolds Tobacco Co.; Kelly Ann Luther, Maria H. Ruiz, and Giselle Gonzalez Manseur of Kasowitz, Benson, Torres & Friedman, LLP, Miami, for Appellee Liggett Group, LLC.